

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable C. R. Pennington,
Chairman of the Board
Lower Colorado River Authority
Austin, Texas

Dear Mr. Pennington:     Opinion No. O-2613

Re:  Authority of the Lower Colorado
     River Authority to enter into a
     proposed contract with a labor union.

Your request for an opinion from this department is as follows:

"Several members of the Board of Directors of the Lower Colorado
River Authority have requested me, as Chairman of the Board, to
address this communication to you. There has been presented to the
Board of Directors of the Authority the question of whether the
Authority will enter into a contract with a labor union organization
known as the International Brotherfood of Electrical Workers. A
copy of the contract which has been presented to the Board of Directors
of the Authority for consideration by the Board is attached to this
communication.

"Before finally acting upon such matter, the Board of Directors of the
Authority would like to be advised with respect to certain questions,
as set out hereinbelow. As you know, the Lower Colorado River Authority
is an agency of the State of Texas, having been created by the provisions
of Chapter 7 of the General Laws of the 43rd Legislature of the State of
Texas, at its Fourth Called Session.

The questions to which answers are desired are as follows:

"(1) a. Can the Lower Colorado River Authority, and agency of the
State of Texas, legally enter into a contract with a labor union?

b. If your answer is that the Authority can legally enter into a contract
with a labor union, can it enter into a contract similar to the one
submitted herewith?

"(2) Under Article 3 of the proposed contract, the Authority agrees
that any employee may be member of the Union and shall remain in good
standing in said Union."

The proposed contract, copy of which accompanies your letter of inquiry, purports to be one between Local No. 520 of the International Brotherhood of Electrical Workers, and the Lower Colorado River Authority, and is perhaps the usual form for collective bargaining by a union on behalf of its members. It deals with hours, wages, working conditions, and kindred questions affecting employment of the members of the Union by the Authority.

We will not attempt to consider the larger questions of whether or not the Authority can in any event make a contract with the Union of the type here being considered, or whether or not the Legislature could authorize the making of such a contract, but we will consider the case wholly from the standpoint of whether or not under the statute creating the Authority the Board has the power to make such a contract.

The statutory powers of the Board are broad, and amongst them are the following:

> "(m). To appoint officers, agents and employees, to prescribe their duties and to fix their compensation;

> "(n). To make contracts and to execute instruments necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act."

> "(p). To do any and all other acts or things necessary or convenient to the exercise of the powers, rights, privileges or functions conferred upon it by this Act or any other Act or law."

It is familiar law that the grant of power to a corporation, either private or public, to do specific things, or for specific purposes, carries with it by implication the further power to do any and all things whatsoever reasonably necessary to the accomplishement of the major purposes enumerated. Provisions (n) and (p) would be read into the powers, whether they had been expressly stipulated or not. Such is the universal rule of construction of powers.

It is the further rule, however, that "statutes which prescribe and limit to exercise of official duty are strictly construed in respect of the power conferred, and the manner of their exercise, and such powers are not to be enlarged by construction." -- 34 Tex. Jur. p. 443, ¶ 68.

Now, the members of the Board of Lower Colorado River Authority are public officers of the State, and there is a specific provision that they have the power (m) "to appoint officers, agents and employees, to prescribe their duties and to fix their compensation." This being a vestiture of official powers in the Board as public officers, it follows that they may not delegate such power to any other person, nor may they enter into any contract with another person that would or could abridge or lessen in any way the exclusive power of the Board to perform the official duties thus expressly entrusted to them. The Board may not enter into a contract with another, the effect of which would be in anywise or to any extent to share with such other the exercise of such official duties.

The provisions of subdivisions (n) and (p) above quoted, with respect to the latitude of contract, and other acts or things necessary or convenient to the exercise of the powers, rights, privileges of functions conferred upon the Board cannot possibly be construed so as to destroy, abrogate or lessen the express power and duty provided in subdivision (m) imposed exclusively upon the Board "to appoint officers, agents and employees, to prescribe their duties and to fix their compensation" for this would be destructive of that exclusive power and not in aid of its exercise.

Public officers are required at all times to hold themselves free to exercise their official discretion with respect to matters entrusted to them up to the time they are called upon to act upon such matters, and any contract or agreement whatsoever, which is calculated to destroy or interfere with the free exercise of that discretion of officers or boards in the performance of their duties, is void as against public policy. See 34 Tex. Jur. p. 454, ¶ 75.

> "A contract made by a public officer is against public policy and void, if it interferes with the unbiased discharge of his duty to the public in the exercise of his office, or if it places him in a position inconsistent with his duty to the public, or even if it has a tendency to induce him to violate such duty." -- 22 R. C. L. P. S. p. 460 ¶ 121.

> "All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the acts of a public officer must be expressly authorized by law or implied therefrom. It follows from the above that public officers may make only such contracts for the government they represent as they are authorized by law to make." 1- Fort Worth Cavalry Club vs. Sheppard, 83 S. W. (2) 660.

We have made a careful study of the Act creating the Lower Colorado River Authority, and find nothing therein that could be construed, even under the most liberal rules of construction, as authorizing the Authority to enter into a contract of the type of that proposed in the present case.

> "It is well settled that no governmental agency can, by contract or otherwise, suspend or surrender its functions, nor can it legally enter into any contract which will embarrass or control its legislative powers and duties, or which amount to an abdication thereof, Bowers vs. City of Taylor (Tex. Com. App.) 16 S. W. (2) 520, and cases cited.

> "To sustain such a contract as is here claimed would be in the face of that well recognized rule and render impotent the administrative control of the Highway Commission with respect to the designation. location, relocation, abandonment, or discontinuance of roads forming part of the State highway system." -- Nairn vs. Bean, 48 S. W. (2) 584.

This principle of lack of power of public officers has been applied in numerous cases in situations where it was sought to bind the officer either upon contract or some act or conduct amounting to estoppel with respect to an offical act.

Shaw vs. Lewis, 86 S. W. (2) 741;
Alexander vs, Singleton, 50 S. W. (2) 893;
Horn Company vs. City of Dallas, 45 S. W. (2) 714;
Industrial Co. vs. Tompkins, 27, S. W. (2) 343;
City of Dallas vs. Schawe, 12 S. W. (2) 1074;
Chapman vs. Bank, 297 S. W. 545;
Austin, Commissioner, vs. Connellee, 292, S. W. 613;
Autin, Commissioner, vs. Fleming, 290 S. W. 835;
State vs. Davison, 280 S. W. 292;
San Antonio, etc vs. Bell, 223 S. W. 506;
County vs. Gossett, 213 S. W. 725;
Thomason vs. Upshur County, 211 S. W. 325;
Grayson County vs. Harrell, 202 S. W. 160;
Lane vs. Schultz, 146 S. W. 1009;
Tarrant County vs. Rogers, 125 S. W. 592;
Burck vs. Abbott, 54 S. W. 314;

Our decision is put upon the ground that the statute creating the Lower Colorado River Authority nowhere confers upon its Board the authority to make a contract of the type of that under consideration, without which statutory authority the Board is not authorized to make it.

                                        Very truly yours

                                        ATTORNEY GENERAL OF TEXAS

                                        s/ Ocie Speer


                                        By
                                            Ocie Speer
                                            Assistant

OS-MR

APPROVED   SEP. 9, 1940              THIS OPINION CONSIDERED AND
                                    APPROVED IN LIMITED CONFERENCE
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS